UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

LAZARO MARTIN LEON,

      Plaintiff,

vs.

CLUB MADONNA INC, a Florida
Corporation, and LEROY GRIFFITH,
individually,

      Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, LAZARO MARTIN LEON, by and through his undersigned attorney, and hereby sues Defendants, CLUB MADONNA INC, a Florida Corporation, and LEROY GRIFFITH, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime and minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5.      Defendant CLUB MADONNA is a Florida corporation which regularly conducted business in Miami-Dade County, Florida by operating as an adult entertainment club within Miami-Dade County, Florida.

6.      CLUB MADONNA is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, CLUB MADONNA operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and CLUB MADONNA obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7.      Upon information and belief, the annual gross revenue of CLUB MADONNA was at all times material hereto in excess of $500,000.00 per annum. CLUB MADONNA had gross annual revenue in excess of $500,000, for the years 2013, 2014, 2015, and 2016.

8.      By reason of the foregoing, CLUB MADONNA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9.      The individual Defendant, LEROY GRIFFITH, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs.  Defendant GRIFFITH controlled the purse strings for the corporate

Defendant. Defendant GRIFFITH hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

10.     Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11.     Plaintiff was employed by the Defendants as a non-exempt music disc jockey and club employee. Defendants operate an adult entertainment club.

12.     Plaintiff was employed from approximately January 2011 through May 21, 2016.

    a.     From January 2011 through September 2012, Plaintiff worked approximately 65 hours per week, and was paid approximately $100 as wages by the Defendants.

    b.     From approximately September 2012 through December 2013, Plaintiff worked between 48 – 60 hours per week, and was not paid any wages by the Defendants.

    c.     From approximately January 2014 through May 21, 2016, Plaintiff worked approximately 65 hours per week, and was paid approximately $100 by the Defendants.

13.     Defendants were required to pay Plaintiff overtimes wages. Plaintiff was not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

14.     The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by

the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

15.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

16.     Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II. CLAIM FOR FLSA MINIMUM WAGES

17.     Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

18.     Plaintiff was employed by the Defendants as a non-exempt music disc jockey and club employee. Defendants operate an adult entertainment club.

19.     Plaintiff was employed from approximately January 2011 through May 21, 2016.

   a.     From January 2011 through September 2012, Plaintiff worked approximately 65 hours per week, and was paid approximately $100 as wages by the Defendants.

   b.     From approximately September 2012 through December 2013, Plaintiff worked between 48 – 60 hours per week, and was not paid any wages by the Defendants.

   c.     From approximately January 2014 through May 21, 2016, Plaintiff worked approximately 65 hours per week, and was paid approximately $100 by the Defendants.

20.     The FLSA requires that employees be paid a wage not less than $7.25 per hour for each worked. Defendants failed to pay minimum wages to the Plaintiff.

21.     Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was being paid less than federal minimum wage. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay minimum wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff the minimum wage he was due. Defendants are also aware of the provisions of the FLSA as they were previously sued for overtime and minimum wages.

22.     Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay a reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: June 6, 2016

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
20801 Biscayne Blvd., Suite 403
Aventura, Florida 33180
Tel: (786) 923-5899
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561