UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**LAZARO MARTIN LEON,**

       CASE NO.:  **1:16-cv-22032-KMM**

    Plaintiff,

vs.

**CLUB MADONNA, INC.**, a Florida
Corporation, and **LEROY GRIFFITH**,
Individually,

    Defendants.

_____/

# DEFENDANTS' ANSWER, DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM

COME NOW, the Defendants, CLUB MADONNA, INC. and LEROY GRIFFITH, by and through their undersigned attorneys, and hereby answer the correspondingly numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.    Admitted for jurisdictional purposes only.

2.    Admitted that Plaintiff asserts a claim under the Florida Minimum Wage statute. Denied that Plaintiff is entitled to relief under that statute.

3.    Without knowledge.

4.    Admitted for jurisdictional purposes only.

5.    Admitted for jurisdictional purposes only.

6.    Admitted.

7.    Admitted that CLUB MADONNA engages in interstate commerce; otherwise denied.

8.      Admitted.

9.      Admitted that CLUB MADONNA engages in interstate commerce and that it is an enterprise engaged in commerce; otherwise denied.

10.     Admitted that GRIFFITH is an officer of CLUB MADONNA and is engaged in the management of that corporation. Otherwise denied.

11.     Admitted that Defendant CLUB MADONNA operates an adult entertainment club and that GRIFFITH participates in the management of that establishment. Admitted that Plaintiff has been employed by CLUB MADONNA as a manager, and in other capacities, from time to time. Admitted that Plaintiff performed as a "disc jockey" at the club from time to time. Otherwise denied. It is specifically denied that Plaintiff was at any time employed as a disc jockey.

12.     Admitted that Plaintiff was employed by CLUB MADONNA as a manager, and in other capacities, for a portion of the dates specified (but not all). From time to time Plaintiff performed as a disc jockey at Defendants' establishments, but he did not do so as an employee and he did not do so for all of the dates specified.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Defendants realleges their responses to paragraphs 1 through 15 as if fully set forth herein.

17.     Admitted that CLUB MADONNA was required to pay overtime to Plaintiff for those times when he was employed as a shift manager. Denied that Defendants failed to pay overtime  wages at the rate of time and  one-half; to Defendants'

knowledge Plaintiff never worked more than 40 hours per week as a shift manager.

18.    Admitted that the FLSA requires payment of overtime wages at the rate of time and one-half for hours worked in excess of 40 hours in a week. Denied that Defendants failed to pay overtime wages at the rate of time and one-half; to Defendants' knowledge Plaintiff never worked more than 40 hours per week as a shift manager.

19.    Denied.

20.    Without knowledge concerning Plaintiff's arrangements for legal counsel. Denied that Defendants have any obligation to pay Plaintiff's attorney's fees.

21.    Defendants realleges their responses to paragraphs 1 through 15 as if fully set forth herein.

22.    Admitted that the FLSA requires employers to pay their employees a minimum wage. Otherwise denied.

23.    Denied.

24.    Without knowledge concerning Plaintiff's arrangements for legal counsel. Denied that Defendants have any obligation to pay Plaintiff's attorney's fees.

25.    Defendants realleges their responses to paragraphs 1 through 15 as if fully set forth herein.

26.    Admitted that the Florida Minimum Wage Act requires an employer to pay its employees a minimum wage. Otherwise denied.

27.    Denied.

28.    Without knowledge concerning Plaintiff's arrangements for legal counsel. Denied that Defendants have any obligation to pay Plaintiff's attorney's fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE – CLAIMS UNDER FLSA

Each cause of action, claim, and item of damages asserted under the FLSA did not accrue within the time prescribed by law for them before this action was brought. All or part of Plaintiff's claims are barred by §29 U.S.C.A. § 255(a).

### SECOND DEFENSE – CLAIMS UNDER §448.10, FLA.STAT. – FLORIDA MINIMUM WAGE ACT

Each cause of action, claim, and item of damages asserted under §448.110, Fla.Stat. (Florida Minimum Wage Act) did not accrue within the time prescribed by law for them before this action was brought. All or part of Plaintiff's claims are barred by §95.11(2)(d) and/or §95.11(3)(q), Fla.Stat.

### THIRD DEFENSE

The Plaintiff entered into an Agreement for Independent Contractor Services with CLUB MADONNA by the terms and provisions of which Plaintiff was an independent contractor. Plaintiff was never an employee of the Defendants and, as such, these Defendants have no obligation to pay minimum wages, overtime or any other compensation to the Plaintiff.

### FOURTH DEFENSE

If the Plaintiff is successful in obtaining the payment of minimum wages under 29 U.S.C. §201, et seq. (the Fair Labor Standards Act ("FLSA") or §448.110, Fla.Stat.

(Florida Minimum Wage Act), the Defendants are entitled to a set-off against such payments for all amounts earned by the Plaintiff as a deejay.

## FIFTH DEFENSE

Plaintiff's Amended Complaint is barred by the principles of fraud and/or fraud in the inducement.

## SIXTH DEFENSE

Plaintiff's Amended Complaint is barred by the principles of equitable and promissory estoppel, detrimental reliance and waiver.

## SEVENTH DEFENSE

Plaintiff's Amended Complaint is barred by the principle of unjust enrichment.

## EIGHTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because his artistic presentation of music and accompanying banter constitute professional performances which are not covered by the FLSA, and by extension the FMWA (*i.e.* the "artistic professional exemption" applies).

## NINTH DEFENSE

Plaintiff's damages, if any, must be barred or reduced because Plaintiff failed to mitigate his damages.

## TENTH DEFENSE

Plaintiff's claims for liquidated damages under the FLSA are barred, or should be reduced, for the reason that Defendants' actions were taken in good faith, and that

Defendants had reasonable grounds for believing that their acts were not in violation of the provisions of that Act.

## ELEVENTH DEFENSE

Plaintiff's claims for liquidated damages under §448.110, <u>Fla.Stat</u>. (Florida Minimum Wage Act) are barred, or should be reduced, for the reason that Defendants' actions were taken in good faith, and that Defendants had reasonable grounds for believing that their acts were not in violation of the provisions of that Act.

## TWELFTH DEFENSE

Plaintiff's Amended Complaint is barred by the principle of accord and satisfaction.

## THIRTEENTH DEFENSE

Plaintiff's Amended Complaint is barred by the principle of payment.

## FOURTEENTH DEFENSE

Plaintiff specifically acknowledged that he had been fully paid for all of his services prior to May 14, 2014 and expressly released the Defendants from all liability for same.

## FIFTEENTH DEFENSE

Defendant is entitled to the reduced minimum wage requirements as set forth in §203(m) of the Fair Labor Standards Act as Plaintiff must be treated as a "tipped employee" within the meaning of § 203(t) of that Act.

**SIXTEENTH DEFENSE**

Any award to Plaintiff should be reduced by the amount of any tip-pooling arrangement that is, was, or would have otherwise been applicable to the work and/or performances of the Plaintiff.

**SEVENTEENTH DEFENSE**

The claims of the Plaintiff are barred for the reason that Plaintiff has failed to make restitution to the Defendants prior to initiating this litigation.

**EIGHTEENTH DEFENSE**

The Defendants' acts were not willful.

**NINETEENTH DEFENSE**

Plaintiff's Amended Complaint is barred by the principles of laches, as Plaintiff inexcusably and unreasonably delayed in the filing of his action, which delay caused prejudice to the Defendants.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred due to unclean hands and violations of the implied covenants of good faith and fair dealing.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred by the doctrine of *in pari delicto*.

**TWENTY-SECOND DEFENSE**

The Plaintiff's claims are barred to the extent that Plaintiff consented to or requested treatment as an independent contractor and accepted the benefit of the non-

employee status without complaint during the time that he allegedly performed services for the Defendants.

## TWENTY-THIRD DEFENSE

The Defendants' acts were not willful, but were in accord with both historic and industry-wide practices for the financial arrangements between club and performer.

## TWENTY-FOURTH DEFENSE

Plaintiff fails to state a cause of action and can make no recover in this suit because he earned far more than the minimum wage.

## COUNTERCLAIMS

COME NOW the Defendant / Counter-Plaintiff, CLUB MADONNA, INC. (hereinafter referred to as "Club Madonna") and hereby sues the Counterclaim Defendant, LAZARO MARTIN LEON (hereinafter referred to as "Leon"), and says:

## COMMON ALLEGATIONS

1.       This is an action for damages under Florida law which exceed $50,000.00 exclusive of costs, interest and attorney's fees.

2.       This Court has supplemental jurisdiction over Counter-Plaintiff's compulsory state law claims pursuant to 28 U.S.C. §1367 as this Court has original jurisdiction over the Plaintiff's FLSA claims.

3.       On or about May 14, 2014, the parties entered into an "Agreement for Independent Contractor Services" (hereinafter referred to as the "Agreement") whereby Leon agreed to render certain services as a professional deejay for Club Madonna. A copy of the Agreement is attached as Exhibit "A" to this Counterclaim.

4.     Under the terms and conditions of the parties' Agreement, Leon specifically acknowledged that he was not an employees of Club Madonna. The terms of the Agreement relative to the nature of the parties' relationship is entirely consistent with their stated and repeated, mutual intent to enter into an independent contractor arrangement and not an employer-employee relationship.

5.     Under the terms and conditions of the Agreements, Club Madonna provided access to its facilities and customer base and Leon provided professional deejay services using his own talent and his own equipment (although Leon was also afforded access to Club Madonna's basic sound equipment).  Leon set his own schedule and his own hours. Leon was responsible for payment of his own income taxes and Club Madonna did not retain any portion of his income to pay taxes. Leon was also afforded discretion with respect to the music to be played without input or supervision by Club Madonna.

6.     Under the terms and conditions of the Agreement, Leon was paid a specified, but variable, sum amounting to $10.00 per dancer per shift, with a guaranteed minimum of $12.00 per hour for hours worked under 40 hours per week, and $18.00 (time and one-half) for hours worked in excess of 40 hours per week.

7.     Leon's actual income varied day-to-day and week-by-week depending upon the number of performers who danced in each shift. However, there was no time when he was paid less than the guaranteed minimum payment under the Agreement and no time when he was paid less than minimum age, or time and one-half for any overtime hours.

8.      In addition to the guaranteed minimum payments under the parties' Agreement, Leon received tips from dancers and customers during his deejay performances. Leon retained all such tips as his income and no portion of those tips was ever paid to Club Madonna.

9.      To the extent that Club Madonna is treated as Leon's "employer", Club Madonna is entitled to the reduced minimum wage requirements as set forth in §203(m) of the Fair Labor Standards Act and Leon must be treated as a "tipped employee" within the meaning of § 203(t) of that Act.

10.      At all times material hereto, Club Madonna abided by the terms of the Agreement, and fully performed its obligations pursuant to the same.

11.      Despite the parties' specific intent to create an independent contractor relationship, their long history of operating under such an arrangement and the express language of their written agreement under which Leon recognized that he was an independent contractor, Leon now alleges that he was an employee of Club Madonna all along, and seeks the payment of minimum wages and other benefits the entire time he performed at Club Madonna's establishment.

## COUNT I
## BREACH OF CONTRACT

12.      Defendant/Counter-Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

13.      This is an action under Florida law for damages for breach of contract in an amount in excess of $50,000.00

14.     The essence of the parties' agreement, as expressed in their written Agreement, is the establishment of an independent contractor agreement whereby Leon was to be paid agreed sums, and would retain such additional tips as he might receive, in exchange for professional deejay services rendered on an independent basis.

15.     Claiming the status of an employee constitutes a material breach of the parties' Agreement.

16.     As part of the consideration for allowing Leon to perform as a deejay at Club Madonna's business, Leon specifically waived and released any claims for wages he might have had against Club Madonna arising prior to May 14, 2014. The existence of any such wage claim was disputed and the amount of any wages which Leon could have potentially recovered was unliquidated. The parties agreed to a release of those uncertain and unliquidated claims and Leon received fair and adequate consideration for that release.

17.     Claiming wages which were specifically released in the parties' Agreement constitutes a material breach of the Agreement

18.     Leon also agreed to pay all federal, state and other taxes on any compensation received under the Agreement. On information and belief, Club Madonna asserts that Leon has not properly reported or accounted for his compensation under the Agreement, which failure is a material breach of the parties' Agreement.

19.     Leon's failure to pay taxes on the income he earned at Club Madonna's business constitutes a material breach of the parties' Agreement

20.     As a direct and proximate result of Leon's breaches of the terms of the Agreement as referenced above, Club Madonna has been damaged in an amount in excess of $50,000.00.

WHEREFORE, Counter-Plaintiff CLUB MADONNA, INC. demands judgment against Counter-Defendant LAZARO MARTIN LEON for damages, together with the costs of this action and such further relief as this Court deems just.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING

21.     Defendant/Counter-Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

22.     Under Florida law, a covenant of good faith and fair dealing is implied in every contract, including the parties' Agreement.

23.     Leon has breached the implied covenant of good faith and fair dealing in the parties' Agreement, by availing himself of the benefits and privileges of performing under an independent contractor arrangement while performing at Club Madonna's establishment, by making no claims of employment status during that time, and by now seeking to have the business relationship between the parties considered to be, *ab initio*, that of employer and employee.

24.     As a direct and proximate result of Leon's breaches of the covenants of good faith and fair dealing implied in the parties' Agreement as referenced above, Club Madonna has been damaged in an amount in excess of $50,000.00.

WHEREFORE, Counter-Plaintiff CLUB MADONNA, INC. demands judgment against Counter-Defendant LAZARO MARTIN LEON for damages, together with the costs of this action and such further relief as this Court deems just.

**COUNT III**

**UNJUST ENRICHMENT**

25. Defendant/Counter-Plaintiff incorporates paragraphs 2 through 11 by reference as though fully set forth herein.

26. This is an action in equity under Florida law to recoup sums paid in good faith, but in apparent error, under the parties' Agreement. The amount in controversy exceeds $50,000.00.

27. If Leon is successful in his claims for wages as an "employee," Leon will be unjustly enriched and Club Madonna unjustly damaged by the payment of wages to the Plaintiff in addition to all of the sums paid to him in the form of shift assessments as a deejay. All of the shift assessments paid to Leon by the dancers would otherwise have been retained by Club Madonna or allocated for its benefit.

28. If Leon is successful in his claims for wages as an "employee," Leon will be unjustly enriched and Club Madonna will be unjustly damaged by failing to pay all applicable taxes on the income that Leon earned while performing deejay services on the business premises, as he was contractually obligated to do and as he was legally required to do. In addition, had Leon been acting as a true employee, Club Madonna would have been required to withhold from his wage payments taxes and other legal withholdings that were due in regard to any income, including tip income, earned by such Plaintiff. If Leon is successful in his claims here for minimum and other wage payments, Club Madonna

may be responsible to pay not only those wages, but all tax obligations that attach to such payments. However, had Leon paid all taxes on the income which he earned while performing deejay services at Club Madonna's establishment, Club Madonna would have been legally entitled to a credit against any tax obligation found to be owing, in an amount equal to the taxes paid by the Plaintiff. Because Leon, failed to file accurate tax returns and pay all appropriate taxes on the income which he earned, Club Madonna may not be entitled to such a credit, or will be entitled to a credit much smaller than it otherwise would have been entitled to had Leon fully complied with his legal tax obligations. This result unjustly enriches Leon, in that he is able to keep monies which should have legally been paid to the federal, state, and local governments for tax obligations, and Club Madonna is unjustly harmed in that it may be required to pay tax obligations that should have been paid by Leon, and may be required to pay certain tax obligations twice.

29.     It is inequitable to allow Leon to retain all of the assessments paid for his deejay performances as well as the tips received by him, and to allow Plaintiff to escape his legal tax obligations by seeking a windfall through this suit. Club Madonna paid over those shift assessments, and allowed the payment of tips, based upon the terms of the parties' Agreement and the understanding that the relationship between the Plaintiff and Club Madonna was that of an independent contractor arrangement, and not that of employer and employee. Club Madonna further refrained from withholding and paying certain tax obligations in reliance on the terms of the parties' Agreement and the understanding between the parties concerning the nature of their relationship.

30.     If Leon is successful in his claims for wages, Club Madonna is entitled to an award, in equity, for all shift assessments paid to Leon while performing pursuant to the parties' Agreement, and an award in equity equal to the amount of all taxes owed on all income generated by the Plaintiff while performing at Club Madonna's business, whether by way of shift assessments, tips or otherwise; said award being an amount in excess of $50,000.00.

31.     As a result of Leon's conduct and other inequitable conduct of the Plaintiff, Leon should be required to disgorge all monies received as a result of his misdeeds, and should be compelled to remit to Club Madonna, all shift assessments obtained while performing deejay services at Club Madonna's establishment.

WHEREFORE, Counter-Plaintiff CLUB MADONNA, INC. prays that Counter-Defendant LAZARO MARTIN LEON be required to disgorge all shift assessments obtained while performing deejay services at Club Madonna's establishment in order to prevent unjust enrichment of the said Counter-Defendant.

## COUNT IV
## FRAUD AND FRAUD IN THE INDUCEMENT

32.     Defendant/Counter-Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

33.     This is an action pursuant to Florida law for damages for fraud in an amount in excess of $50,000.00

34.     Club Madonna asserts that it was fraudulently induced to enter into the Agreement with Leon, and, in particular, alleges:

A.      Leon affirmatively represented to Club Madonna that he understood that the relationship between them was that of an independent contractor arrangement, and not an employer/employee relationship, knowing that such representation was a material factor in Club Madonna's decision to enter into the Agreement with Leon. Leon intended Club Madonna to rely on such representations, with full knowledge that they were false, or in the alternative, Leon came to subjectively believe in their falsity, but did not disclose that belief to Club Madonna in order to obtain an unfair advantage.

B.      Leon knew, or should have known, that Club Madonna would rely on such representations and Club Madonna did, in fact, rely on, and was entitled to rely on, such representations in entering into the Agreement with Leon.

C.      Had Leon appropriately disclosed his contention, at the inception of the Agreement, or at a later date, that the relationship of the parties was that of employer and employee, Club Madonna would not have allowed Leon to keep and retain the shift assessments, but would, rather, have required dancers at the establishment to turn over those funds to the club or to allocate those funds for the club's benefit.

D.      Had Leon appropriately disclosed his contention, at the inception of the Agreement, or at a later date, that the relationship of the parties was that of employer and employee, Club Madonna would not have allowed Leon to perform at the club or would have entered into a different business arrangement with Leon in order to protect its interests.

35.      As a result of the Leon's conduct as referenced above, the Plaintiff is guilty of fraud or fraud in the inducement. Leon willingly entered into the parties' Agreement without informing Club Madonna that he wished to be treated as an

employee, even though he specifically acknowledged in the Agreement that the relationship between the parties was that of an independent contract arrangement. In addition, Leon kept all of the shift assessments and tips received during his deejay performances. At all times, Leon accepted the benefits of the Agreement, and acted as if the Agreement was in full force and effect. Club Madonna, acted in reliance on Leon's affirmative representations and actions, as well as the purposeful omission of the fact that Leon desired to be treated and categorized as an employee, and has been damaged by those representations, actions, and omissions in an amount in excess of $50,000.00.

36.     As a result of this fraud, fraud in the inducement, and other inequitable conduct of the Plaintiff, Leon should be required to disgorge all monies received as a result of his misdeeds, and should be compelled to remit to Club Madonna all shift assessments while performing deejay services at Club Madonna's place of business.

WHEREFORE, Counter-Plaintiff CLUB MADONNA, INC. demands judgment against Counter-Defendant LAZARO MARTIN LEON for damages, together with the costs of this action and such further relief as this Court deems just.

## COUNT V
## SPECIFIC PERFORMANCE

37.     Defendant/Counter-Plaintiff incorporates paragraphs 1 through 11 by reference as though fully set forth herein.

38.     This is an action in equity under Florida law for the specific performance of a contract to perform deejay services, the value of which exceeds $50,000.00.

39.     The parties' Agreement was made upon adequate consideration and upon terms that are otherwise fair and reasonable; they were not induced by any misrepresentation or mistake; their enforcement would not cause unreasonable or disproportionate hardship or loss to the Plaintiff; Plaintiff has received compensation through that Agreement in an amount well in excess of the minimum wage; and Club Madonna has sufficiently performed pursuant to the Agreement such that breach of the same cannot be properly compensated in damages. As there are no grounds to allow the Plaintiff to abrogate the provisions contained in the Agreements, this Court should, in equity, enter an order requiring specific performance of the provisions of the Agreement by compelling Leon to abide by the terms of the Agreements and determining that Leon's relationship with Club Madonna is and was that of an independent contractor arrangement, and not that of employer and employee.

WHEREFORE, Counter-Plaintiff CLUB MADONNA, INC. prays that Counter-Defendant LAZARO MARTIN LEON be required to perform under the subject Agreement and, specifically, that Leon's recovery by limited to those sums he agreed to accept and was paid under the said Agreement; or that Club Madonna receive a set-off or equivalent recovery for such payments.

<u>**COUNT VI**</u>
<u>**RESTITUTION**</u>

40.     Defendant/Counter-Plaintiff incorporates paragraphs 2 through 11 by reference as though fully set forth herein.

41.     This is an action in equity under Florida law to require the disgorgement or

repayment of funds wrongfully obtained or retained.

42.     Club Madonna did not engage in serious moral turpitude or serious misconduct by entering into the subject Agreement.

43.     Club Madonna was excusably ignorant of the facts in the absence of which the Agreement would be enforceable under its terms. Likewise, the law is and was sufficiently uncertain that Club Madonna was excusably ignorant concerning the nature of the parties' contractual relationship and the enforceability of the subject Agreement.

44.     Leon apparently entered into the Agreement intending to disavow his representations that he had entered into an independent contractor arrangement and did not intend the parties' relationship to be that of employer and employee. In the alternative, Leon determined that he would not be treated as an independent contractor, but intentionally withheld that information from Club Madonna and continued to render services under the parties' Agreement to Club Madonna's detriment. Leon has not acted in good faith.

45.     If the Court invalidates the terms of the parties' Agreement, the entire purpose of the Agreement will be frustrated.

46.     Club Madonna permitted Leon to keep and retain the shift assessments and tips upon specific reliance on the terms of the parties' Agreement, and in particular, upon Leon's representations disclaiming employee status and warranting the relationship as being an independent contractor arrangement.

47.     If this Court invalidates the terms of the parties' Agreement, denial of restitution to Club Madonna would cause a disproportionate forfeiture, in that Leon will then have been permitted to keep and retain the shift assessment which otherwise would

have been the exclusive property of Club Madonna for its use or for allocation for the benefit of Club Madonna.

48.     If Leon is successful in his claims for wages, this Court should enter an order of restitution requiring Leon to disgorge to Club Madonna all shift assessments obtained by Leon as a result of performing deejay services at Club Madonna's place of business; this award being in an amount in excess of $50,000.00.

WHEREFORE, Counter-Plaintiff CLUB MADONNA, INC. prays that Counter-Defendant LAZARO MARTIN LEON be required to provide full restitution to Club Madonna by disgorging all shift assessments obtained while performing deejay services at Club Madonna's establishment in order to prevent unjust enrichment of the said Counter-Defendant.

## JURY TRIAL

Counter-Plaintiff demands a trial by jury on all issues so triable as a matter of right.

*Respectfully submitted,*

BENJAMIN, AARONSON,
EDINGER & PATANZO, P.A.


  /s/  Daniel R. Aaronson                           /s/  Gary S. Edinger
DANIEL R. AARONSON, Esquire          GARY S. EDINGER, Esquire
Florida Bar No.: 314579                        Florida Bar No. 0606812
1 Financial Plaza #1615                        305 N.E. 1st Street
Ft. Lauderdale, Florida 33394              Gainesville, Florida 32601
(954) 779-1700 (Fax) (954) 779-1771     (352) 338-4440 (Fax) (352) 337-0696
danaaron@bellsouth.net                     GSEdinger@aol.com

*Attorneys for Defendants*

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer, Defenses and Counterclaim has been forwarded to DANIEL T. FIELD, Esquire, [Daniel Field.Esq@gmail.com], 20801 Biscayne Blvd. Suite 403, Aventura, Florida 33180; and to ISAAC MAMANE, Esquire [mamane@gmail.com], 1150 Kane Concourse, Fourth Floor, Bay Harbor Islands, Florida 33154, by E-mail Mail this 22nd day of September, 2016.

                                       /s/  Gary S. Edinger
                                       GARY S. EDINGER, Esquire
                                       Florida Bar No.: 0606812

# EXHIBIT "A"

## CLUB MADONNA, INC.

# AGREEMENT FOR INDEPENDENT CONTRACTOR SERVICES

This Independent Services agreement is made this $\cancel{H^{th}}$ day of May, 2014 by and between Club Madonna Inc. and (The Club) whose address is 1527 Washington Ave Miami Beach Florida and $\underline{\text{VEHICLEON}}$ (the DJ) whose address is $\underline{\text{CSS} \cap \text{ICH}}$ and whose Social security number is $\underline{\text{CQHH}-\text{CQHH}-\text{CQHH}}$

The following will confirm the nature of DJ our independent contractor arrangement. In consideration fo the mutual promises contained herein, the Club and the DJ:

1. agree and acknowledge that the DJ is and has been, since inception, an independent contractor and not an employee of the Club;

2. agree the DJ shall set his own work hours, by confirming the working hours with the shift manager at least one week in advance;

3. agree the DJ shall be responsible to pay all taxes on his independent contractor compensation as calculated below;

4. agree the DJ shall be compensated prospectively by the Club, at the greater of $10 per dancer, per shift or such sums as shall equal $12/hour unless the DJ works more than 40 hours in any one week, in which case, he shall receive the minimum of $18 per hour for each hour worked over 40 hours. Retroactively, the Club and DJ agree and acknowledge that the DJ received from each dancer the sum of $10 per shift, and the DJ has received all monies due under this arrangement and no amounts are currently due and owing by the club or the Dancers. The DJ acknowledges that retroactively, he has received amounts greater than the applicable minimum wage and the DJ waives, releases and relinquishes all claims that the DJ MAY HAVE OR OTHERWISE ASSERT AGAINST THE CLUB UNDER THE FAIR LABOR STANDARDS ACT that he has not otherwise been paid minimum wages as a result of his independent contractor services renders to the Club;

5. agree that the DJ has an will continue to decide what music he deems fit, in his own artistic discretion to play, given the clientele of the Club and what the DJ deems is appropriate without input or supervision on the part of the Club; and,

6  agree that the DJ shall provide the equipment that the DJ needs to fulfill his
   services hereunder including music, head phones, mics, computers and
   speakers (unless the DJ decides (in his discretion) to use the Club's
   speaker/PA system.

AGREED and ACCEPTED By:

DJ's Name:

For Club Madonna
(Print Name)   Dhirum Maharaj