UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-22032-CIV-MOORE/MCALILEY

LAZARO MARTIN LEON,

    Plaintiff,

vs.

CLUB MADONNA INC, a Florida
Corporation, and LEROY GRIFFITH,
individually,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

    Comes Now Plaintiff, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) and hereby files Plaintiff's Motion to Dismiss Defendants' Counterclaims and in support thereof states as follows:

    1.    Plaintiff filed a three count Amended Complaint whereby Plaintiff alleges that he was not paid his overtime wages and minimum wages under the Fair Labor Standards Act (FLSA) and minimum wages under the Florida Minimum Wage Act and Florida Constitution (FMWA).

    2.    On September 22, 2016, Defendants filed their answer, affirmative defenses and counterclaims against Plaintiff [D.E. 29].

    3.    Defendants file 6 counterclaims all based upon the independent contractor agreement signed by Plaintiff during the course of his employment with Defendants.

    4.    Said counterclaims in essence claim that since Defendants labeled Plaintiff has an independent contractor, they should be entitled to $50,000 in unpaid back taxes should the court

determine that Plaintiff was really an employee. However, said argument has been addressed and found to be without merit in *Cucul v. Gurbir-Tanu, LLC*, 950 F. Supp. 2d 316 (D. Mass. 2013), whereby the Court dismissed said counterclaims.

5. Furthermore, each of said counterclaims runs afoul of the FLSA as the FLSA does not allow for an employer to counterclaim under indemnification or breach of contract theories, as said counterclaim would run counter to the intent and purpose of the Fair Labor Standards Act. *Lyle v. Food Lion, Inc*., 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc*., 977 F.2d 1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters*., 2010 U.S. Dist. LEXIS 54683 (S.D. Fla. June 3, 2010).

6. Plaintiff contends that said counterclaims are not compulsive counterclaims, and at best, permissive counterclaims for which this Court lacks jurisdiction to hear Defendants' permissive counterclaim.

7. Lastly, as a matter of law, the counterclaims must fail.

## Memorandum of Law

### A. Standard of Review on Motions to Dismiss:

In considering a motion to dismiss the Court is required to accept all well-pled allegations of the complaint as true. *Hishon v. King & Spalding,* 467 U.S. 69 (1984). "The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)" *D'Angelo v. United States*, 2008 WL 2906663, at *2 (S.D. Fla. July 24, 2008). The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296. *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008). "*Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) ("A

federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination.")." *Lecik v. Nost*, 2005 U.S. Dist. LEXIS 34727 (M.D. Fla. Dec. 5, 2005). "More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974." *D'Angelo v. United States*, 2008 WL 2906663, at *2 (S.D. Fla. July 24, 2008).

### B. Taxes:

Defendants argument regarding liability as to the payment of taxes or withholdings as to any minimum or overtime wages owed to Plaintiff, has already been addressed by the Eleventh Circuit in *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d 1299 (11th Cir. 2013). Defendants cannot evade their tax obligations in paying payroll taxes, but can satisfy the underlying judgment with paying said taxes on the said judgment, and would therefore not be subject to double payment.

> Finally, Appellants contend that the district court should have granted their motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) in order to exclude the amounts they are required to withhold for payroll taxes. "We review the denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion." *Shuford v. *1318 Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir.2007).
> We find no abuse of discretion in the district court's approach because Appellants can satisfy the judgment and comply with their withholding obligations without incurring duplicative liability. Any withholding payments they make to the IRS or state tax authorities on Appellees' behalf will work toward satisfaction of the judgment. And once the judgment has been satisfied, in part through such payments and in part through payments to Appellees, Appellants may move for relief from the judgment under Federal Rule of Civil Procedure 60(b)(5) to ensure no further liability to Appellees.

*Id* at 1317-18.[1]

---

[1] Additionally, any such counterclaim regarding the payment of taxes is premature as the Court has not yet determined liability or the amount owed to Plaintiff and as a result the tax liability cannot be determined at this time.

However, the *Lamonica* decision was not based on a Defendant's counterclaim. The only on point decision specifically dealing with the counterclaims alleged by Defendants, was addressed in *Cucul v. Gurbir-Tanu, LLC*, 950 F. Supp. 2d 316 (D. Mass. 2013). The Court in *Cucul*, similar to the finding in *Lamonica*, found that should Plaintiff be awarded back pay, deductions for the payment of payroll taxes could be done and counted towards satisfying the judgment. However, the Court went on to find that Defendants could not file a counterclaim for the sums that an employer failed to previously withhold.

The Defendant in *Cucul*, similar to the Defendants in the present case, attempted to make the argument that any amounts of taxes that the employer previously failed to withhold should be paid to the employer or deducted from the final judgment. The Court found that argument to be without merit.

> In *Renteria,* the defendants' second argument, that being that the amounts the employers failed to withhold from the plaintiffs' paychecks should also be deducted from any final judgment, was found to be unavailing. The Court looked to 29 U.S.C. § 207(h)(2), the FLSA provision permitting an employer to credit certain payments against overtime compensation due, and found that "[t]he statute is specific in what withholding deductions are not among them." *Renteria,* 2003 WL 21995190, at *3.

*Cucul v. Gurbir-Tanu, LLC*, 950 F. Supp. 2d 316, 319–20 (D. Mass. 2013).

Furthermore, the Court in *Cucul* went on to analyze the tax obligations as set forth by the internal revenue code, and found that the obligation for said payroll taxes still remained with the employer, not the employee when the employer fails to deduct payroll taxes.

> Additionally, federal law explicitly prevents an employer recovering from an employee when the employer treated such employee as "not an employee" and therefore failed to deduct and withhold the requisite taxes. *See* 26 U.S.C. § 3509(d)(1)(B) ("the employer shall not be entitled to recover from the employee any tax so determined....").

*Cucul* at 320.

The Court concluded that a counterclaim, as in the counterclaims in the present case, which attempts to collect taxes from the employee in the form of a counterclaim to be contrary to law and without merit. "In short, there is simply no legal authority which entitles an employer to recover from an employee tax amounts that the employer neglected to withhold. To the extent that the counterclaim incorporates such a claim, it shall be dismissed." *Cucul v. Gurbir-Tanu, LLC,* 950 F. Supp. 2d 316, 320 (D. Mass. 2013)

### C. Lack of Subject Matter Jurisdiction

Federal Rules of Civil Procedure 13(a) states: "Compulsory Counterclaim. (1) *In General.* A pleading must state as a counterclaim any claim that at the time of its service the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

Federal Rules of Civil Procedure 13(b) states: "Permissive Counterclaim. A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."

> In determining whether a counterclaim is compulsory or permissive, the Eleventh Circuit has stated that courts should apply the "logical relationship" test. *Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). Under the "logical relationship" test, a logical relationship exists between the plaintiff's claim and the counterclaim when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.* (quoting *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

*Hutton v. Grumpie's Pizza & Subs, Inc*., 2008 U.S. Dist. LEXIS 37425 (S.D. Fla. May 6, 2008), 2008 WL 1995091 (S.D. Fla. May 7, 2008).

> If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as federal question or diversity jurisdiction, for the counterclaim to proceed in federal court. *See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Commission*, 888 F.2d 1576, 1578 (11th Cir. 1989);

*Hutton v. Grumpie's Pizza & Subs, Inc.*, 2008 U.S. Dist. LEXIS 37425 (S.D. Fla. May 6, 2008), 2008 WL 1995091 (S.D. Fla. May 7, 2008).

In actions where Plaintiff has sued under a Federal Statute but the Defendant desires to pursue a State based claim in a counterclaim, the Courts have held that said state based claim, i.e. for breach of contract, is not a compulsory counterclaim but at best a permissive counterclaim.

> *Kirby v. Tafco Emerald Coast, Inc*., 05CV341 (RV), 2006 U.S. Dist. LEXIS 6088, 2006 WL 228880, at *2 (N.D.Fla. 2006) (finding no supplemental jurisdiction over breach of contract and failure to pay promissory note counterclaims to plaintiff's FLSA claim); *Lecik v. Nost*, 05 CV 1040 ORL (KRS), 2005 U.S. Dist. LEXIS 34727, 2005 WL 3307192, at *2-3 (M.D.Fla. 2005) (finding no supplemental jurisdiction over breach of contract counterclaim to plaintiff's FLSA claim).

*Carvalho v. Door-Pack, Inc*., 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008).

Allowing said counterclaims, would subject numerous FLSA lawsuits similar counterclaims, which is contrary to the purpose behind the FLSA. *Lyle v. Food Lion, Inc*., 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc*., 977 F.2d 1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters*., 2010 U.S. Dist. LEXIS 54683 (S.D. Fla. June 3, 2010).

> [o]ur precedent suggests that such claims should not be addressed in a FLSA action. See *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.").

*Gagnon v. United Technisource Inc*., 607 F.3d 1036, 1042 (5th Cir. 2010).

Furthermore, Defendants' counterclaims do not arise out the same transaction or occurrence that is the subject matter of Plaintiff's overtime and minimum wage claims. Defendant's state law claims are at best permissive counterclaims and not a compulsory counterclaims. The elements needed to prove an FLSA claim for unpaid overtime wages and

minimum wages are far different than the elements needed to prove Defendants' counterclaims which are separate and distinct from the underlying FLSA claim.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime or minimum wages to covered employees and/or failure to keep payroll records." *Secretary of Labor v. Labbe*, 319 Fed.Appx. 761 (11th Cir., 2008); *Yilmaz v. Mann*, 2014 WL 1018006 (S.D.Fla.,2014). The issue in Plaintiff's claim is whether as an employee Plaintiff was paid his minimum and overtime wages. Said determination as to whether Plaintiff was an employee or independent contractor is controlled by applying the economic realities test, not applying labels applied to workers as it relays to the internal revenue service. "District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor." *Gordilis v. Ocean Drive Limousines, Inc.*, 2014 WL 2214289 (S.D.Fla.,2014); C*lincy v. Galardi S. Enterprises, Inc.*, 808 F.Supp.2d 1326, 1349 (N.D.Ga.2011); *Harrell v. Diamond A Entertainment, Inc.*, 992 F.Supp. 1343 (M.D.Fla.1997). Whether Plaintiff is deemed an independent contractor or an employee is controlled by the "economic realities test" in determining whether an individual qualifies as an employer or an independent contractor. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (S.D. Fla 2001).

> It is well-established that the issue of whether an employment relationship exists under the FLSA must be judged by the "economic realities" of the individual case. *Weisel v. Singapore Joint Venture, Inc*., 602 F.2d 1185, 1189 (5th Cir. 1979). That the appellants may not have had the intention to create an employment relationship is irrelevant; "it is sufficient that one person 'suffer or permit (another) to work.'" *Brennan v. Partida*, 492 F.2d 707, 709 (5th Cir. 1974).

*Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468, 470–71 (11th Cir. 1982).

In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's

opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Santelices* at 1319 citing to *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979) (footnote omitted).

> No one factor is controlling; nor is the list exhaustive. The factors simply summarize the matters deemed relevant by the Supreme Court in *Bartels v. Birmingham*, 332 U.S. 126, 130, 91 L. Ed. 1947, 67 S. Ct. 1547 (1947), *United States v. Silk*, 331 U.S. 704, 716, 91 L. Ed. 1757, 67 S. Ct. 1463 (1947), and *Rutherford Food*, 331 U.S. at 729, to help gauge the degree of *dependence* of an alleged employee on the business with which they are connected.

*Santelices* at 1319.

In *Coronado v. D. N.W. Houston, Inc.,* 2014 WL 2779548 (S.D. Tex. June 19, 2014) the Court dealt with an identical issue presented in the present case. In *Coronado* Plaintiffs performed as dancers/entertainers in a club similar to that of Defendants in the present case, and sued under the FLSA. Said Plaintiffs signed an independent contractor agreement which stated:

> It is the express intention of the parties that the contractor is, and shall remain during the term of this agreement, an independent contractor and not be deemed an ... employee of Gold Cup for any purpose. Nothing in this agreement shall be interpreted ... as creating or establishing the relationship of employer or employee between the contractor and Gold Cup. The parties acknowledge that the contractor is not an agent, servant, or employee for ... Federal law (including but not limited to the Fair Labor Standards Act) or any other purpose

*Coronado*, at *1. Based on said independent contractor agreement, Defendants filed counterclaims[2] for breach of contract, promissory estoppel, unjust enrichment, money had and

---

[2] "In the proposed counterclaims, Gold Cup alleges that if Coronado is classified as an employee under the FLSA, "she must return the proceeds she earned for her dances to Gold Cup," less the wages she would have been entitled to under the FLSA. (Docket Entry No. 15 at ¶ 8; Docket Entry No. 21 at 13). Gold Cup alleges that "[b]y bringing this lawsuit and alleging that Defendants misclassified her as an independent contractor rather than an 'employee,' Ms. Coronado repudiated

received, and declaratory relief. The basis of the counterclaim was that Plaintiffs signed an independent contractor agreement when they began working for Defendants.

The Court determined that it lacked subject matter jurisdiction as the breach of contract claim and other counterclaims will require a different legal and factual analysis than the FLSA claims.

> Gold Cup's counterclaims are not compulsory because their resolution will require a different legal and factual analysis than the FLSA claims. The FLSA claims turn on whether Coronado and other putative class members should be classified as employees for purposes of the FLSA and whether they were paid the minimum hourly wages and the overtime wages the FLSA requires. To determine a worker's status, the focus is on the economic realities of the relationship. *See Gray v. Powers,* 673 F.3d 352, 354 (5th Cir.2012) ("The Fifth Circuit uses the 'economic reality' test to evaluate whether there is an employer/employee relationship."). A court considers "whether the putative employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan,* 595 F.3d 610, 620 (5th Cir.2010).
> The intent of the worker and the employer, and the label they use to describe their working relationship, does not control whether the worker is an employee or an independent contractor. *See Watson v. Graves,* 909 F.2d 1549,1554 (5th Cir.1990) ("We must ... look to the substantive realities of the relationship, not to mere forms or labels ascribed to the laborer by those who would avoid coverage."); *Real v. Driscoll Strawberry Assocs., Inc.,* 603 F.2d 748, 755 (9th Cir.1979) ("[T]he subjective intent of the parties to a labor contract cannot override the economic realities reflected in the factors described above." (citing *Usery v. Pilgrim Equip. Co.,* 527 F.2d 1308, 1315 (5th Cir.1976); *Brennan v. Partida,* 492 F.2d 707, 709 (5th Cir.1974)); *Montoya v. S.C. C.P. Painting Contractors, Inc.,* 589 F.Supp.2d 569, 577 (D.Md.2008) ( "[N]either the subjective intent of the worker in forming the employment relationship nor the label affixed by the putative employer controls the question whether a worker is an employee under the FLSA."); *Mathis v. Hous. Auth. of Umatilla Cnty.,* 242 F.Supp.2d 777, 785 (D.Or.2002) (recognizing that "it is 'well-settled that subjective intent cannot override the economic realities' ") (quoting *Real,* 603 F.2d at 755). The fact that a worker and her employer use the "independent contractor" label does not determine the outcome of the economic realities test or the application of the FLSA. *See Rutherford Food Corp. v.*

---

the parties' agreement." (Docket Entry No. 15 at ¶ 8). Gold Cup seeks the costs of having to defend this lawsuit, which it contends would not have been necessary had Coronado complied with the Independent Contractor Agreement."

*Coronado v. D. N.W. Houston, Inc.,* 2014 WL 2779548, at *1 (S.D. Tex. June 19, 2014).

>*McComb,* 331 U.S. 722, 729, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947) ("[P]utting on an 'independent contractor' label does not take the worker from the protection of the [FLSA].") .

*Coronado v. D. N.W. Houston, Inc.,* 2014 WL 2779548, at *2 (S.D. Tex. June 19, 2014).

In *Hose v. Henry Indus., Inc.,* 2014 WL 1356039 (D. Kan. Apr. 7, 2014) the Court dealt with an identical issue, whereby Plaintiff asserted a claim under the FLSA and Defendants filed a counterclaim for breach of contract/indemnification based on an independent contract agreement entered between the parties.

> The court finds that the counterclaim is not compulsory in nature. Although both the plaintiff's FLSA claim and defendant's counterclaim do involve a common element in the nature of Hose's actual employment relationship, the focus of both actions will be different. The plaintiff's claim will center on the proper classification of Hose and the details of his payment, and develop evidence relating to his allegedly unpaid wages. In the resolution of Hose's true status, the contract itself will carry little weight. *See Rutherford Food v. McComb,* 331 U.S. 722, 729 (1947). Rather, the court must focus on the underlying economic realities of the parties' relationship. *Dole v. Snell,* 875 F.2d 802, 804 (10th Cir.1989). *See also Midwest Concrete Placement, Inc. v. L & S Basements, Inc.,* 07–2316–JAR, 2009 WL 1162391 (D.Kan. Apr. 29, 2009) (noting ten factors relevant to the determination of an agent's status).
> None of these issues are directly relevant to Henry's counterclaim, in which the contract language is paramount. Evidence as to Hose's exact status is entirely secondary to the facial language of the agreement. The evidence for the counterclaim will also focus on issues of consideration, conscionability, and defendant's damages, including attorney fees.

*Hose v. Henry Indus., Inc.,* 2014 WL 1356039, at *2 (D. Kan. Apr. 7, 2014). Likewise, in the present claim, the focus of the claim and counterclaims will differ. Plaintiff's claim will center on the proper classification through the economic realities test while Defendants' counterclaim will focus on issues regarding consideration, conscionability and Defendants' damages allegedly in excess of $50,000[3]. Therefore, as both claims would require different evidence, analysis and application of law, said counterclaim is not compulsory and should be dismissed.

---

[3] The Court further found that said allegations, as in the allegations in the present complaint, were not yet ripe as Plaintiff had yet to prevail.

Although each counterclaim appears to be predicated on the independent contractor agreement, Defendants' third counterclaim for unjust enrichment likewise fails for the same reason.

> A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a "contract" as a mater of law. Although the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, "create" an agreement in situations where it is deemed unjust for one party to have received a benefit without having to pay compensation for it. It derives, not from a "real" contract but a "quasi-contract." *See Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co.,* 695 So.2d 383, 386 (Fla.Dist.Ct.App.1997) (en banc). To succeed in a suit for unjust enrichment a plaintiff must prove that:
>
>> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.
>
> *See Greenfield v. Manor Care, Inc.,* 705 So.2d 926, 930–31 (Fla.Dist.Ct.App.1997), *rev. denied,* 717 So.2d 534 (Fla.1998).

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999).

The elements and facts necessary to prove Defendants' claim for unjust enrichment are far different than the facts necessary for Plaintiff's overtime. Defendants' claims for breach of duty of loyalty and unjust enrichment do not arise out of the same transaction or occurrence that is the subject matter of this lawsuit and therefore does not meet the "logical relationship" test as the same operative facts do not serve as the basis for Plaintiff's underlying claims and Defendant's counterclaims. Therefore, Defendants' counterclaim, is at best, a permissive counterclaim of which Defendants have not established any independent basis for the Court's subject matter jurisdiction. "The burden of establishing subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir.2005). As a result Defendants' counterclaims should be dismissed for lack of Subject Matter Jurisdiction.

### D. **Defendants' Counterclaims are preempted by the FLSA**

The Fair Labor Standards Act does not allow for an employer to counterclaim under theories that run counter to the intent and purpose of the Fair Labor Standards Act. *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir. N.C. 1992), *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. Colo. 1992), *Quintana v. Explorer Enters.*, 2010 U.S. Dist. LEXIS 54683 (S.D. Fla. June 3, 2010). Specifically, the Courts have held that the state based theories are barred by the supremacy clause as no such action was contemplated by the act, presumably because it would chill the rights of an employee to seek minimum or overtime compensation under the act if an employee knows that it would be hit with a counterclaim if he filed a lawsuit. As the Fifth Circuit stated when affirming the District's Court Dismissal of a counterclaim:

> The district court's disposition was proper. To engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution, would undermine employers' incentives to abide by the Act, and would differentiate among employees entitled to receive overtime compensation in a way which does not otherwise exist in the statute.

*LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986). The counterclaims being asserted by Defendants run contrary to public policy and the intent of the Fair Labor Standards Act.

> [t]he circuits that have addressed the issue consistently found that indemnification claims against employees or owners are contrary to public policy and the legislative intent of the FLSA. See, e.g., *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992); *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999).

*Quintana v. Explorer Enters.*, 2010 U.S. Dist. LEXIS 54683, 4-5 (S.D. Fla. June 3, 2010). The Fifth Circuit in *Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1042 (5th Tex. 2010) addressed the facts of where a Plaintiff filed a complaint under the Fair Labor Standards Act as well as other counts. The Defendant/employer in *Gagnon* filed a counterclaim against Plaintiff for

breach of contract and fraud as Plaintiff was paid a per diem expenses for travel expenses of 280 miles each day even though Plaintiff had moved closer to Defendants facility and only lived a mere 9 miles away. The Court in *Gagnon* went on to find that the per diem expenses must be included when calculating Plaintiff's hourly rate, yet found that Defendants counterclaim for breach of contract and fraud should never have been filed with this FLSA claim.

> [o]ur precedent suggests that such claims should not be addressed in a FLSA action. See *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), rev'd on other grounds, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988) (noting that the only function of the federal judiciary under the FLSA "is to assure to the employees of a covered company a minimum level of wages" and holding that "[a]rguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.").

*Gagnon v. United Technisource Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010). Therefore, Defendants' counterclaims or "arguments and disputations over claims against those wages" are contrary to the purpose behind the Fair Labor Standards Act and are not appropriate to be brought as a counterclaim when Plaintiff files a claim for unpaid overtime wages under the FLSA. As such, Defendants' counterclaims should be dismissed as contrary to the purpose and intent of the FLSA.

    E.  <u>**Breach of Contract Claims Fails as a Matter of Law**</u>

An employee cannot enter into a contract that waives his/her rights under the FLSA. "Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981), see *Baker v. Barnard Const. Co., Inc.,* 146 F.3d 1214, 1216 (10th Cir. 1998) ("no mutual agreement could waive the application of the FLSA minimum wage and overtime provisions to that work."). "There can be no prospective waiver of an employee's rights under Title VII, *Alexander v. Gardner-*

*Denver Co.,* 415 U.S. 36, 51, 94 S.Ct. 1011, 1021, 39 L.Ed.2d 147 (1974), or under the Fair Labor Standards Act, a portion of which is the Equal Pay Act,[6] because "this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrantine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 740, 101 S.Ct. 1437, 1445, 67 L.Ed.2d 641 (1981) (quoting *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296, *reh'g denied,* 325 U.S. 893, 65 S.Ct. 1189, 89 L.Ed. 2005 (1945))." *Schwartz v. Florida Bd. of Regents,* 807 F.2d 901, 906 (11th Cir. 1987). Even where the parties are represented by Counsel have entered into an agreement on an FLSA matter, some Courts have rejected agreements when they contain a one sided general release in favor of the employer. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (rejecting FLSA settlement agreement on the basis of a pervasive general release).

In essence, Defendants appear to contend that by an employer can circumvent the United States Supreme Court holdings in *Barrentine* and *Brooklyn Savings Bank* by having an employee sign an independent contractor agreement. As noted above, said argument fails from the outset as it is in contravention of binding precedent established by the United States Supreme Court.

Furthermore, the elements for a breach of contract consist of (1) a valid contract; (2) a material breach; and (3) damages "*See Federico v. Excelsior Benefits, LLC*, 2014 WL 2600110, at *4 (M.D.Fla. June 10, 2014) ("Under Florida law, to adequately state a claim for breach of contract, a plaintiff must establish: (1) a valid contract; (2) a material breach; and (3) damages.")." *Sheridan Healthcorp, Inc. v. Aetna Health Inc.,* 2016 WL 490264, at *5 (S.D. Fla. Feb. 9, 2016). The elements for a breach of contract in New Jersey are similar to that of Florida.[4]

---

[4] A party alleging a breach of contract satisfies its pleading requirement if it alleges (1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties. *See Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co.,* 722 F.Supp. 184, 219 (D.N.J.1989) (citing 5 Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure

In *Adami v. Cardo Windows, Inc.,* 299 F.R.D. 68 (D.N.J. 2014), after Plaintiffs filed suit under the FLSA challenging their independent contractor designation, Defendant filed a counterclaim alleging breach of contract for the monies paid to Plaintiffs under the contract. The District Court in analyzing the elements for breach of contract found that as a matter of law Defendants' counterclaim failed, as Plaintiffs never promised not to challenge the independent contractor agreement, as such the filing of the FLSA lawsuit could not be a breach of said contract.

> Cardo does not identify any language in the agreements prohibiting Plaintiffs from challenging the agreement or their classification as independent contractors. As to Plaintiff Varner, Cardo fails to allege any additional facts that suggest any failure to perform under the agreements. Therefore, the Court will grant Plaintiffs' motion and dismiss Cardo's counter-claim for breach of contract against Varner.

*Adami v. Cardo Windows, Inc.,* 299 F.R.D. 68, 89 (D.N.J. 2014). Likewise, the agreement attached to Defendants' Answer and Counterclaims does not prohibit Plaintiff from challenging his independent contractor/employee status. As Plaintiff has made no promise not to challenge his employment status, a cause for breach of said contract cannot follow. "Having made no promise, it is not possible for him to be guilty of a breach." 1 *Corbin on Contracts* § 145 (1963)." *Rosenberg v. Lawrence,* 541 So. 2d 1204, 1206 (Fla. Dist. Ct. App. 1988). Therefore, as a matter of law Defendants' counterclaims in Counts I, II, IV, V and VI must fail as they are all based on the theory that Plaintiff breached his contract.

### F. Unjust Enrichment Claim fails as a matter of Law:

> A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a "contract" as a mater of law. Although the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, "create" an agreement in situations where it is

---

§ 1235 (3d ed.)); *see also In re Cendant Corp. Sec. Litig.,* 139 F.Supp.2d 585, 604 n. 10 (D.N.J.2001) (noting that New Jersey law requires pleading of performance of movant's own contractual duties).

*Adami v. Cardo Windows, Inc.,* 299 F.R.D. 68, 89 (D.N.J. 2014).

> deemed unjust for one party to have received a benefit without having to pay compensation for it. It derives, not from a "real" contract but a "quasi-contract." *See Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co.,* 695 So.2d 383, 386 (Fla.Dist.Ct.App.1997) (en banc). To succeed in a suit for unjust enrichment a plaintiff must prove that:
>
>> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.
>>
>> *See Greenfield v. Manor Care, Inc.,* 705 So.2d 926, 930–31 (Fla.Dist.Ct.App.1997), *rev. denied,* 717 So.2d 534 (Fla.1998).

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999).

In order to assert a claim for unjust enrichment, the Defendant must show that Defendant conferred a benefit onto Plaintiff. In this case, the "benefit conferred" are the alleged fees paid by the dancers (defined as "the Club" within the contract). The benefit was not conferred by Defendant but rather by a third party, the dancers who were required to give a portion of their tips to Plaintiff. The unjust enrichment claim therefore fails as a matter of law. "At the core of the law of restitution and unjust enrichment is the principle that a party who has been unjustly enriched at the expense of another is required to make restitution *to the other.*" *Gonzalez v. Eagle Ins. Co.,* 948 So.2d 1 (Fla. 3d DCA 2006) (emphasis added)" *Fito v. Attorney's Title Ins. Fund, Inc.,* 83 So. 3d 755, 758 (Fla. Dist. Ct. App. 2011). In the present case, the other would constitute the dancers that were required to pay Plaintiff pursuant to the independent contractor agreement, not Defendant which was not required to pay Plaintiff pursuant to the agreement.

> Since Kahama did not confer the benefit, it cannot sustain the unjust enrichment claim. *See Fito v. Attorney's Title Insurance Fund, Inc.,* 83 So.3d 755 (Fla. 3d DCA 2011) (Insurers failed to establish that it conferred a benefit on individuals and entities that received funds from a lender in a fraudulent mortgage action and therefore could not sustain an unjust enrichment claim against them).

*Kahama VI, LLC v. HJH, LLC,* 2013 WL 5177843, at *6 (M.D. Fla. Sept. 12, 2013).

Next, a claim for unjust enrichment fails where a Defendant received payment for the benefit conferred. In the present claim, it is undisputed that Defendant, Club Madonna, received payment for the benefit conferred in the form of receiving compensation from patrons for the services that Plaintiff, as a DJ, rendered on behalf of Club Madonna and/or received the benefit from Plaintiff by having Plaintiff perform his DJ services for Defendants.

> However, it is well established that "[u]njust enrichment 'cannot exist where payment has been made for the benefit conferred.' " *N.G.L. Travel Assocs. v. Celebrity Cruises, Inc.,* 764 So.2d 672, 675 (Fla. 3d DCA 2000) (quoting *Gene B. Glick Co. v. Sunshine Ready Concrete Co.,* 651 So.2d 190, 190 (Fla. 4th DCA 1995)); *see also Am. Safety Ins. Serv., Inc. v. Griggs,* 959 So.2d 322, 331–32 (Fla. 5th DCA 2007) ("When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails.").

*Real Estate Value Co. v. Carnival Corp.,* 92 So. 3d 255, 263 (Fla. Dist. Ct. App. 2012). As a result, Defendants' counterclaim for unjust enrichment fails as a matter of law and must be dismissed, as Plaintiff provided adequate compensation in the form of providing DJ services to Defendants/counter Plaintiff.

Wherefore, Plaintiff respectfully requests that the Court dismiss all 6 counterclaims filed by Defendants.

    Respectfully Submitted,

    Daniel T. Feld, Esq.
    Daniel T. Feld, P.A.
    Attorney for Plaintiff
    2847 Hollywood Blvd.
    Hollywood, Florida 33020
    Tel: (305) 308-5619
    Email: DanielFeld.Esq@gmail.com

    By:__/s/ Daniel T. Feld _____
      Daniel T. Feld, Esq.
      Florida Bar Number: 0037013

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of Plaintiff's Motion to Dismiss Counterclaims was sent via CM/ECF to Gary Scott Edinger, Esq., Benjamin, Aaronson, Edinger & Patanzo, P.A., 305 N.E. 1st Street, Gainesville, Florida 32601, Fax: (352) 337-0696, Email: GSEdinger@aol.com on this 11th day of October 2016.

                Daniel T. Feld, Esq.
                Daniel T. Feld, P.A.
                Attorney for Plaintiff
                2847 Hollywood Blvd.
                Hollywood, Florida 33020
                Tel: (305) 308-5619
                Email: DanielFeld.Esq@gmail.com

                By:__/s/ Daniel T. Feld _____
                  Daniel T. Feld, Esq.
                  Florida Bar Number: 0037013